UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

GLENN J. FEDERICO,

                            Plaintiff,         Case # 19-CV-6098-FPG

v.

                                            DECISION AND ORDER

FEDERAL EXPRESS,

                            Defendant.

## INTRODUCTION

On February 6, 2019, *pro se* Plaintiff Glenn J. Federico brought this action against Defendant Federal Express, his former employer, for alleged violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA"). ECF No. 1; *see* 42 U.S.C. §§ 12112-17, 29 U.S.C. §§ 621-34

On May 28, 2019, Defendant moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. ECF No. 4. Specifically, Defendant argues that this case must be dismissed because Plaintiff did not timely file a charge with the Equal Employment Opportunity Commission ("EEOC"). For the reasons that follow, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED. Plaintiff may file an amended complaint by August 30, 2019.

## DISCUSSION

### I.    Legal Standard

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing such a motion, a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S.

1

544, 572 (2007), and "draw all reasonable inferences" in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

A court must liberally construe *pro se* pleadings, *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004), and will give a *pro se* plaintiff a chance to amend or be heard before dismissal unless it "can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quotation marks omitted).

## II.     Analysis

In New York, an employee who alleges discrimination under the ADA and ADEA must file a charge with the EEOC within 300 days of the incident. *McGroder v. Lowe's Home Ctrs., Inc.*, No. 09-CV-1085S, 2011 WL 4498779, at *2 (W.D.N.Y. Sept. 27, 2011) (citations omitted). This 300-day requirement "functions as a statute of limitations" and "is strictly construed in this Circuit." *Curry v. Fed. Express Corp.,* No. 03-CV-619S, 2006 WL 839426, at *5 (W.D.N.Y. Mar. 28, 2006) (citations omitted).

Based on Plaintiff's Complaint, it appears that the relevant incident occurred on March 17, 2016, when Plaintiff resigned after he sustained a disabling injury and Defendant allegedly gave him the choice to resign or be fired. Thus, Plaintiff had until January 11, 2017—300 days later—to file a charge with the EEOC. According to Plaintiff's Complaint, he filed his charge with the EEOC on February 14, 2017, and therefore Defendant's Motion to Dismiss must be granted because Plaintiff's claims are time-barred based on these facts.

But Plaintiff's response to Defendant's motion suggests that his claims may be timely. Plaintiff filed a "Declaration" to which he attached fax receipts of his EEOC Intake Questionnaire. ECF No. 9 at 5-7. These documents show that he submitted the Intake Questionnaire on January 10, 2017, within the 300-day deadline for filing an EEOC charge.

Plaintiff's submission, however, does not contain the entire Intake Questionnaire form, and therefore it is difficult to determine whether it constitutes a timely charge with the EEOC.[1]

> [F]or a filing with the EEOC to be considered a charge, it must include the information required in the EEOC's regulations, *i.e.* the allegation and the charged party's name, and it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.

*Scott v. Rochester Gas & Elec.*, 333 F. Supp. 3d 273, 280 (W.D.N.Y. 2018) (quotation mark and citations omitted).

The Intake Questionnaire contains, among other things, two boxes for the complainant to choose from. By selecting "Box 1," the complainant asks to speak with an EEOC employee before deciding whether to file a charge. By selecting "Box 2," the complainant notifies the EEOC that it wants to file a charge and authorizes it to investigate the discrimination described.

Courts hold that selecting Box 2 on the Intake Questionnaire "qualifies as a charge with the EEOC for timeliness purposes." *Id.* (collecting cases). Thus, "[f]or the EEOC's intake questionnaire to be considered a charge, it must include the allegation and the charged party's name, and the plaintiff must have checked Box 2 on the form." *Id.*

Because Plaintiff did not submit his entire Intake Questionnaire, the Court cannot discern whether he selected Box 2 and submitted a timely EEOC charge. The Court will let Plaintiff file an amended complaint that contains the necessary information, if it exists, to demonstrate that his claim is timely. The Court advises Plaintiff that an amended complaint must include all of his allegations against Defendant because it will completely replace his original Complaint.

---

[1] When a court evaluates a Rule 12(b)(6) motion to dismiss, it may consider the facts stated in the complaint, documents attached to the complaint or incorporated by reference, and documents that are integral to the complaint because the complaint relies heavily upon their terms and effects. *Scott v. Rochester Gas & Elec.*, 333 F. Supp. 3d 273, 277 (W.D.N.Y. 2018) (citations omitted). Although the EEOC Intake Questionnaire may be integral to Plaintiff's Complaint, it is incomplete and therefore the Court did not consider it in evaluating Defendant's Motion to Dismiss.

**CONCLUSION**

Defendant's Motion to Dismiss (ECF No. 4) is GRANTED and Plaintiff's Complaint is DISMISSED. The Court directs Plaintiff to file an amended complaint by August 30, 2019. If Plaintiff does not timely file an amended complaint, the Clerk of Court will dismiss this case with prejudice without further order.

IT IS SO ORDERED.

Dated: July 25, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court